IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC THEADY BANKS, | : | |
| Plaintiff, | : | 3:19-cv-0533 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PATRICIA BENNETT, R.N. *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**January 27, 2021**

## I.     BACKGROUND

Plaintiff Eric Theady Banks ("Banks"), at the relevant time, a state inmate incarcerated at the York County Prison, commenced this action on March 25, 2019, pursuant to 42 U.S.C. § 1983, alleging that in May and June of 2018, he was forced to make a choice between receiving his medical diet tray and participating in Ramadan in violation of his First, Eighth and Fourteenth Amendment rights. (Doc. 1).  He seeks monetary compensation and punitive damages.  Named as Defendants are Patricia Bennett, R.N.  ("Bennett"), and kitchen staff employees Resto, Kunckle, Bob, Dave, Kerrie, Mike and Dickie.

Presently pending are motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed by Defendant Bennett (Doc. 38) and the kitchen staff employees (Doc. 43).  Both motions are accompanied by supporting briefs (Docs. 40, 44) and Statements of Material Facts (Docs. 39, 45).  On July 14, 2020,

an Order issued affording Plaintiff until July 31, 2020 to file opposition briefs and Statements of Material Facts in accordance with Local Rule 56.1.[1]  (Doc. 46).  He was cautioned that his failure to adhere to the deadlines would result in the statements of material facts being deemed admitted and the motions being deemed unopposed.  He failed to respond.  On September 3, 2020, the Court again forwarded the July 14, 2020 Order to him at his address of record. (Doc. 47).  He failed to file opposition briefs or controvert Defendants' Statements of Material Facts.  Consequently, the Statement of Material Facts are deemed admitted and the motions are deemed unopposed.  For the reasons set forth below, the motions will be granted.

## II.   <u>STANDARD OF REVIEW</u>

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  "[T]his standard provides that the mere existence of *some* alleged

---

[1]  Local Rule 56.1 states that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the moving party], as to which it is contended that there exists a genuine issue to be tried…  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *See* L.R. 56.1

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." *Id.* at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

4

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249–50.

## III.   <u>STATEMENT OF MATERIAL FACTS</u>

In May and June 2018, the York County Prison Board had in place an inmate complaint review administrative system, which is set forth in the York County Prison's operation manual and contained in the York County Prison ("YCP") Inmate Handbook. (Doc. 39, ¶ 27; Doc. 45, ¶ 4). The administrative system provides that inmates may recover money damages for a violation of their rights while confined at YCP. (*Id.* at 28; *Id.* at 5).

The YCP Inmate Handbook sets forth detailed specific instructions to be followed by inmates. (Doc. 45, ¶ 6). Grievances are to be filed within ten days of

the acts or omissions or conditions that form the basis of the complaint.  (*Id.* at 7).
Complaints arising from multiple events must be filed in separate grievances.  (*Id.*
at 8).  If there is an immediate threat to an inmate's welfare, the grievance is
considered an emergency and treated accordingly by the grievance coordinator.
(*Id.* at 9).  There is an appeal process which allows for an appeal of the grievance
coordinator's decision to the Deputy Warden, an appeal from the Deputy Warden
to the York County Solicitor, and, finally, an appeal from the Solicitor to the York
County Prison Board.  (*Id*. at 10).  A grievance is not exhausted unless all reviews
and appeals are timely taken and denied.  (*Id.* at 11).  Banks was familiar with the
administrative system and the applicable procedures as he had filed numerous
complaints.  (*Id.* at 12).

 With regard to the subject matter of the complaint, Banks filed a grievance
dated May 18, 2018 – May 19, 2018, complaining that his medical diet was not
provided to him in a timely manner.  (Doc. 39, ¶ 13; Doc. 45, ¶ 14).  He took issue
with the fact that he was not fed shortly after sundown, but, instead, received his
medical diet tray after 11:00 p.m.  (Doc. 45, ¶ 14).  The grievance explained that he
had a waiver from the chaplain indicating that he would waive his medical tray
during the day in order for him to participate in Ramadan but would receive the

medical tray at night.  (Doc. 39, ¶¶ 16, 17; Doc. 45, ¶ 16).  The grievance was referred to the medical department for a response.  (*Id.* at 15; *Id.* at 16).

Defendant Bennett, who has no role in providing food trays to inmates, responded to the Grievance as is part of her responsibilities as the Health Services Administrator.  (Doc. 39, ¶¶ 20, 22).  Defendant Bennet denied the grievance stating that "Patient either participates in Ramadan or he doesn't.  If he chooses a medical diet, he withdraws from Ramadan observance."  (*Id.* at 23).  She based this response on her belief that Banks wanted to receive a medical diet tray during daylight hours which in her understanding was not consistent with observing Ramadan.  (*Id.* at 24).  She was not aware that Banks was on a list that authorized him to receive his medical diet during Ramadan.  (Doc. 45, ¶ 16).

Banks appealed to Deputy Warden Conway, who determined that he was entitled to be given a medical diet during Ramadan.  (*Id.* at 17).  Banks did not appeal this decision.  (*Id.* at 17).

No other grievances were filed by Banks prior to the filing of this action. (*Id.* at 19).

## IV.   <u>DISCUSSION</u>

Defendants seek an entry of summary judgment based on Banks' failure to exhaust his administrative remedies as required by the Prison Litigation Reform

Act ("PLRA"), 42 U.S.C. § 1997(e)a.  The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions."  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). To "complete the administrative review process," means "substantial" compliance with the prison's grievance procedures. *See Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) (citing *Nyhuis*, 204 F.3d at 77–78).

While the PLRA requires that prisoners comply with the procedural demands of a system created by their jailors, those jailors must also comply with the demands of the system they created. *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).  Consequently, "[a]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully

discharged the PLRA's exhaustion requirement." (*Id.*).

"The only limit to §1997e(a)'s [exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross*, 136 S. Ct. at 1862 (quoting § 1997e(a)). In other words, "the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Id.* at 1858 (quoting § 1997e(a)). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* (quoting *Booth v. Churner*, 532 U.S. 731, 737–38 (2001) (internal citations and quotation marks omitted)). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

It is undisputed that Banks failed to fully exhaust available administrative relief with regard to the alleged denial of his Ramadan tray. It is also undisputed that Banks failed to seek monetary relief during the grievance process and that he seeks monetary compensation in the instant action. Because Banks failed to exhaust available administrative remedies as required by the PLRA, Defendants are entitled to an entry of summary judgment.

## V.    <u>**CONCLUSION**</u>

Based on the foregoing, Defendants' motions (Docs. 38, 43) for summary judgment are deemed unopposed and will be granted.

A separate Order will issue.